UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER HEINZ KAMILLO ROIGK,

Plaintiff,

-against-

CIA; FBI; UNKNOWN; SWITZERLAND; BERLIN, STRASBOURG; NETHERLANDS, DENMARK; JAMAICA HOSPITAL,

Defendants.

25-CV-3988 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the court's federal question jurisdiction, and alleging that Defendants violated his "rights on health, life and property." (ECF No. 1, at 2.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") but dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing Twombly, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff invokes the court's federal question jurisdiction, claiming that Defendants violated his "rights on health, life and property." (ECF 1, at 2.) He names as defendants the CIA, the FBI, unknown defendants, various locations in Europe, and Jamaica Hospital, located in Jamaica, Queens New York. The complaint pleads facts that occurred in multiple countries, including Germany, Norway, France, Italy, Switzerland, Denmark, the Netherlands, the United Kingdom, and China,

Plaintiff alleges that in 2020, he contacted the FBI from Berlin, using an online form and by calling the bureau; he later contacted the FBI several more times. (*Id.* at 8.) Plaintiff contends that in early April 2022, out of fear for his life and escalation of the war in Ukraine, as well as

alleged "[a]ctivities against me . . . no internet or telecommunication anymore possible, already events with heaviest toxic agents," he left Germany for Switzerland. (*Id.* at 9.) He also alleges that in 2023, in Oslo, he was exposed to toxins causing him to suffer medical conditions, including pneumonia, and he was denied medical attention. (*Id.* at 10-11.)

The alleged conduct that occurred in New York includes the disappearance of his iPhone in May 2025, which resulted in his filing a police report with the New York City Police Department.

## DISCUSSION

### A. Plaintiff's Claims are Frivolous

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted)); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Plaintiff's complaint is premised upon his belief that Defendants "had intention to Murder" him and "hijack" his identity. (ECF 1, at 8.) Plaintiff claims Defendants caused a "loss of Document, Data storage and Data" and that Defendants used tactics that placed him in "extreme unhealthy circumstances…causing pneumonia too." (*Id*. at 9-10.) Plaintiff does not identify any "Document, Data storage and Data" as to which he claims a loss. The remaining claims are conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for his claims and that his claims are irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an *in forma pauperis* complaint "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief").

**B. Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 2d Cir. 2002). Plaintiff's complaint does not suggest that he could provide facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional

allegations leading to different result). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: September 2, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge